Francis M. Goldsberry II, SBN 063737
Francis M. Goldsberry III, SBN 178739
GOLDSBERRY, FREEMAN & GUZMAN LLP
777 12th Street, Suite 250
Sacramento, CA 95814
Tele: (916) 448-0448; Fax: (916) 448-8628
E-MAIL: mac@gfsacto.com
E-MAIL: tripp@gfsacto.com

Attorneys for Defendant
Moyer Products, Inc.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAXIM I PROPERTIES, a general partnership,<br><br>            Plaintiff,<br><br>     vs.<br><br>A.M. BUD KROHN, ET AL,<br><br>            Defendants.<br>_____<br><br>AND RELATED CROSS-ACTIONS.<br>_____ | Case No. **5: 12-CV-00449 LHK**<br><br>**STIPULATION AND ~~PROPOSED~~ ORDER TO AMEND SCHEDULING ORDER TO EXTEND PLEADING DEADLINE**<br><br>**Action Filed: January 27, 2012**<br>**Trial Date: February 18, 2014** |

Following the July 11, 2012, Initial Case Management Conference in this matter, this Court issued a Case Management Order on July 13, 2012, which includes a September 17, 2012, deadline for defendants to file pleadings. The Case Management Order also set a further Case Management Conference on October 3, 2012. For the reasons set forth below, the parties to this action stipulate to extend the deadline for filing or amending responsive pleadings, cross-claims, counterclaims, and third-party complaints by defendants until October 12, 2012, and seek an order from this Court extending that deadline.

///

# I.

## DEVELOPMENTS SINCE CASE MANAGEMENT CONFERENCE

Several things have happened since the Case Management Conference, and other developments are anticipated but have yet to come to fruition. Foremost was plaintiff Maxim I Properties' decision to dismiss all defendants but Moyer Products, Inc. ("Moyer"). The case now consists of plaintiff's complaint against Moyer, and Moyer's cross-claims against the co-defendants originally named by plaintiff. Nearly all of the original defendants need to file pleadings in response to Moyer's cross-claims, and those pleadings are likely to include cross-claims for contribution against all of the other parties. In other words, once the parties file responsive pleadings, there is likely to be a landslide of contribution claims that will result in the need to file literally dozens of responsive pleadings. In total, the cross-claims and responses to those cross-claims that are likely to be filed by the September 17, 2012, deadline will exceed 100 distinct pleadings.

Furthermore, DTSC has recently indicated that it intends to amend its Enforcement Order by, among other things, dropping some of the named respondents and adding others. DTSC has indicated that it will issue such an amended order by October 1, 2012. The total number of respondents that will be named in the amended order is at least 66, and, depending on how many current respondents DTSC decides to drop from the order, as many as 75. If the September 17 deadline remains in place, Moyer intends to join as third-party defendants to this litigation the entities named by DTSC as respondents that are not already parties to this action.

Another significant development is Moyer's efforts to organize a group of parties under an interim cost sharing agreement in order to conduct the site investigation required by the California Department of Toxic Substances Control ("DTSC"). Moyer, through its consultant, Roux Associates, Inc., has developed a proposed scope of work to accomplish the site investigation. (This scope of work covers the tasks required to gather the necessary data and writing a report to present the analysis of that data. DTSC's requirements are not limited to investigatory work - DTSC will require further reports that analyze remediation options, etc.)

Moyer has used this scope of work, which has been discussed with DTSC, to prepare a cost estimate.

Moyer invited representatives from all parties for whom Moyer had contact information (a list that included current defendants as well as entities named in DTSC's enforcement order but not currently named as parties to this litigation) to a telephone conference that was conducted on September 5, 2012.  During that telephone conference, Moyer proposed the formation of a cost-sharing group to conduct the required site investigation.  Moyer asked each party that participated in the telephone conference to respond to the proposal by September 14, 2012.

If a sufficient number of parties respond that they are willing to enter into an agreement to conduct the required site investigation, Moyer intends to circulate a draft agreement by September 21, 2012, and hopes to finalize such an agreement by September 28, 2012 (this agreement would provide for an interim allocation of costs, which would not be binding on the parties for purposes of final settlement or in the event that allocation was litigated to judgment).

Furthermore, if such a group can be formed, Moyer anticipates that the parties will ask this Court to stay this litigation.  Participation in the cost sharing agreement and the site investigation effort will likely only make sense to many or all of the parties if they are not simultaneously incurring litigation expenses.  Nonetheless, as discussed at the Initial Case Management Conference, the pending litigation is necessary to trigger what insurance coverage exists.  Therefore, a stay of the litigation would allow parties participating in a cost sharing agreement to avoid litigation costs, but insurance carriers would not withdraw from participating in resolution of this matter.

## II.
## REQUESTED RELIEF

The current Case Management Order requires all parties to file responsive pleadings or to amend their pleadings, including the filing of third-party complaints, by September 17,

STIPULATION AND ~~PROPOSED~~ ORDER TO AMEND SCHEDULING ORDER - Case No.: 5: 12-CV-00449 LHK

3

2012. That date does not allow the parties sufficient time to determine if a cost sharing agreement can be worked out before filing a significant volume of pleadings.

Amending the deadline for filing responsive pleadings will allow the parties to determine if an agreement can be reached on conducting the initial site investigation required by DTSC without the need for filing responsive pleadings. If such an agreement cannot be reached and therefore the parties face no choice but to litigate this dispute, changing the deadline from September 17 to October 12 will have no significant impact on the course of this litigation, as the parties are not seeking to have any other date in the Case Management Order changed at this time.

If, on the other hand, an agreement can be reached, the parties anticipate discussing with the Court at the October 3 Case Management Conference how to keep the parties' litigation expenses to a minimum, which would likely take the form of a stay of the litigation. Such a stay would allow the parties to conduct the site investigation, which is necessary for the parties to negotiate a final settlement, because without the site investigation, no analysis of a remedial strategy can occur, and without the selection of a remedial strategy, there is no way to even estimate the total amount of response costs that will be necessary.

An extension to October 12, 2012, will also allow the defendants to align the parties named as respondents by DTSC to its enforcement order with the parties to be joined as third-party defendants to this litigation.

Therefore, pursuant to this stipulation, the parties respectfully request this Court to amend the current Case Management Order's September 17, 2012, deadline for further pleadings to provide that responsive pleadings, amendments, and third-party complaints must be filed no later than October 12, 2012.

////
////
////
////
////

| | | |
|---|---|---|
| 1 | DATED:  September 11, 2012 | NIXON PEABODY LLP |
| 2 | | |
| 3 | | By: ___/s/ Lisa Cole_____ |
| 4 | | GREGORY P. O'HARA<br>LISA A. COLE |
| 5 | | ALISON B. TORBITT<br>Attorneys for MAXIM I |
| 6 | | PROPERTIES |
| 7 | DATED:  September 11, 2012 | ABDALAH LAW OFFICES |
| 8 | | |
| 9 | | By: ___/s/ Richard K. Abdalah_____ |
| 10 | | RICHARD K. ABDALAH<br>MIRIAM WEN-LEBRON |
| 11 | | Attorneys for TELEWAVE, INC. |
| 12 | DATED: September 11, 2012 | ROUSSO & JACKEL |
| 13 | | |
| 14 | | |
| 15 | | By: ___/s/ Jonathan Jackel_____ |
| 16 | | JONATHAN JACKEL<br>Attorneys for MAC CAL |
| 17 | | COMPANY, INC. |
| 18 | DATED:  September 11, 2012 | CROWELL & MORING LLP |
| 19 | | |
| 20 | | By: ___/s/ M. Kay Martin_____ |
| 21 | | M. KAY MARTIN<br>THOMAS F. KOEGEL |
| 22 | | Attorneys for GREYHOUND<br>LINES, INC. |

STIPULATION AND ~~PROPOSED~~ ORDER TO AMEND SCHEDULING ORDER - Case No.:  5: 12-CV-00449 LHK

5

| | | |
|---|---|---|
| DATED: September 11, 2012 | | DOWLING AARON INCORPORATED |
| | | |
| | | By:   /s/ Daniel Jamison |
| | | DANIEL OLIVER JAMISON |
| | | Attorneys for MC&L, INC., named herein as MADERA CLEANERS & LAUNDRY, INC.[1] |
| DATED: September 11, 2012 | | BARG COFFIN LEWIS & TRAPP LLP |
| | | |
| | | By:   /s/ Joshua Bloom |
| | | JOSHUA BLOOM |
| | | DAVINA PUJARI |
| | | Attorneys for SPACE SYSTEMS/LORAL, INC. |
| DATED: September 11, 2012 | | ARCHER NORRIS |
| | | |
| | | By:   /s/ Probal G. Young |
| | | PROBAL G. YOUNG |
| | | Attorneys for CENTRAL COATING CO. INC. |
| DATED: September 11, 2012 | | BURNHAM BROWN |
| | | |
| | | By:   /s/ Kimberly Chew |
| | | KIMBERLY CHEW |
| | | ERIC R. HAAS |
| | | Attorneys for A.M. BUD KROHN NATIONAL AUTO RECOVERY BUREAU, INC. |

---

[1] This Stipulation shall not be considered an appearance of MC&L, Inc., formerly known as Madera Cleaners & Laundry, Inc. ("Madera Cleaners) on plaintiff's complaint, on any cross-claim, on any third-party complaint, or in the action. Madera Cleaner's contends that it has not been served with any cross-claim or third-party complaint and that its appearances at court ordered events such as ADR Conferences or Case Management Conferences did not constitute an appearance in this action and will not until and unless proper service is effected and a responsive pleading filed. The parties agree that by executing this Stipulation, Madera Cleaners has not waived this contention, nor has the analysis of that contention been affected by agreeing to this Stipulation.

STIPULATION AND ~~PROPOSED~~ ORDER TO AMEND SCHEDULING ORDER - Case No.:  5: 12-CV-00449 LHK

6

DATED: September 11, 2012              DUANE MORRIS LLP


                                       By:   /s/ Jess Raymond Booth
                                             JESS RAYMOND BOOTH
                                             Attorneys for BURKE INDUSTRIES, INC.

DATED: September 11, 2012              LAW OFFICES OF STEVEN A. ELLENBERG


                                       By:   /s/ Steven A. Ellenberg
                                             STEVEN A. ELLENBERG
                                             MARK V. BOENNIGHAUSEN
                                             Attorneys for BR & F SPRAY, COMPONENT FINISHING, INC. & SERRA CORPORATION

DATED: September 11, 2012              SILICON VALLEY LAW GROUP


                                       By:   /s/ Jeffrey Scott Lawson
                                             JEFFREY SCOTT LAWSON
                                             Attorneys for NU-METAL, INC. & THERMIONICS LABORATORY, INC.

DATED: September 11, 2012              PAHL & McCAY


                                       By:   /s/ Servando R. Sandoval
                                             SERVANDO R. SANDOVAL
                                             Attorneys for SPRAYTRONICS, INC.

DATED: September 11, 2012              LEWIS, BRISBOIS BISGAARD & SMITH


                                       By:   /s/ Glenn Friedman
                                             GLENN FRIEDMAN
                                             ROBERT FARRELL
                                             Attorneys for THE SHERWIN-WILLIAMS CO.

STIPULATION AND ~~PROPOSED~~ ORDER TO AMEND SCHEDULING ORDER - Case No.:  5: 12-CV-00449 LHK

7

DATED: September 11, 2012            LATHAM & WATKINS LLP


                                     By:   /s/ Andrea M. Hogan
                                           KARL S. LYTZ
                                           ANDREA M. HOGAN
                                           Attorneys for INTEGRATED DEVICE
                                           TECHNOLOGY, INC.

DATED: September 11, 2012            GOLDSBERRY, FREEMAN & GUZMAN LLP


                                     By: /s/ Francis M. Goldsberry III
                                           Francis M. Goldsberry III
                                           Attorney for MOYER
                                           PRODUCTS, INC.


IT IS SO ORDERED.

Dated: September 14, 2012

                                     _____
                                     LUCY H. KOH
                                     United States District Judge